| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL XII | | |
|---|---|---|
| ISAURA ÁLVAREZ PADÍN, LOANA ÁLVAREZ PADÍN  DEMANDANTES RECURRIDAS  v.  ROSA ANNETTE DÍAZ BURLEY; REGINA ANNE DÍAZ BURLEY; MARIBEL RAMOS HUECA; MILAGROS ÁLVAREZ PÉREZ; JESÚS G. ÁLVAREZ NARVÁEZ; MARIEL T. ÁLVAREZ PADÍN; LEIRA ÁLVAREZ PADÍN; MUNICIPIO DE TOA ALTA; CARLOS CHINEA; JOSUE REYES VEGA  DEMANDADOS - PETICIONARIOS | KLCE202401058 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón  Caso núm.: BY2023CV03670  Sobre: Sentencia Declaratoria; Acción Reivindicatoria; Acción Confesorio; Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, a 28 de octubre de 2024.

Comparece ante *nos*, la señora Rosa Annette Díaz Burley y Regina Anne Díaz Burley (peticionarias) y nos solicitan que revisemos una *Resolución* emitida el 21 de junio de 2024 y notificada el 24 de junio de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón.

Por los fundamentos que se exponen a continuación, se *deniega* el auto de *certiorari.*

### I.

Este recurso tiene su origen, en una *Demanda* sobre sentencia declaratoria, acción reivindicatoria, acción confesoria y, daños y perjuicios, que presentaron las señoras Isaura Álvarez Padín y

Loana Álvarez Padín (recurridas) el 6 de julio de 2023, en contra de las peticionarias, el señor Jesús Álvarez Narváez, la señora Leira Álvarez Padín, la señora Maribel Ramos Hueca, el Municipio de Toa Alta y otros.

En ajustada síntesis, la parte recurrida alegó que es dueña, junto a otros miembros de una sucesión, de un predio de terreno ubicado en el Municipio de Toa Alta. A su vez, explicaron que las peticionarias son dueñas de una finca por la cual discurre un camino que da acceso al predio heredado. A tales efectos, arguyeron que las peticionarias les han privado del acceso a su propiedad, por medio de la colocación de portones en el camino público que permite acceso a su finca. Por tanto, solicitaron al foro primario que, en la alternativa, de determinarse que el camino no es uno público, se declare este como una servidumbre de paso, ya que no existe otro acceso para la vía pública.[1] En respuesta, el 3 de noviembre de 2023, la parte peticionaria presentó una *Contestación a Demanda, Reconvención y Demanda contra Terceros.*[2]

Luego de varios incidentes procesales, el 15 de mayo de 2024, el señor Jesús G. Álvarez Narváez y la señora Maribel Ramos Hueca presentaron una *Moción de Desestimación.* A grandes rasgos, alegaron que la señora Leira Álvarez Padín cedió al señor Jesús G. Álvarez Narváez su participación en el inmueble heredado, mediante escritura pública, el 6 de mayo de 2024. Indicó, además, que el emplazamiento por edicto del señor Jesús G. Álvarez Narváez y la señora Maribel Ramos Hueca adolece de errores que lo anulan.

El 21 de mayo de 2024, la parte recurrida presentó una *Oposición a Moción de Desestimación.* Posteriormente, el 4 de junio de 2024, la parte peticionaria presentó una *Moción para que se*

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC), Demanda, entrada núm. 1.
[2] Véase, SUMAC, entrada núm. 34 y 35.

*Desestime la Demanda por Falta de Parte Indispensable.* En la cual, sostuvieron que el emplazamiento no fue hecho conforme a derecho.[3] El 5 de junio de 2024, la parte recurrida presentó una *Oposición a Moción para que se Desestime la Demanda por Falta de Parte Indispensable.* En respuesta, el 21 de junio de 2024, notificada el 24 del mismo mes y año, el foro primario emitió *Resolución* mediante la cual declaró *No Ha Lugar* a la *Moción para que se Desestime la Demanda por Falta de Parte Indispensable.*[4]

Inconforme, el 26 de junio de 2024, la parte peticionaria presentó una *Moción de Reconsideración.* En ella, señaló que el TPI carecía de jurisdicción para atender la controversia ante nos. Además, sostuvo que las partes no fueron emplazadas correctamente.[5] Así las cosas, el 14 de septiembre de 2024, el foro *a quo* emitió *Resolución y Orden,* notificada el 16 de septiembre de 2024. Mediante la cual declaró *No Ha Lugar* la *Moción de Reconsideración.* El foro primario expresó que el término para diligenciar los emplazamientos por edictos quedó prorrogado a ciento veinte días adicionales. Por tanto, dicho emplazamiento fue diligenciado dentro del término dispuesto. Por otro lado, señaló que el emplazamiento fue hecho correctamente, ya que se diligenció a la última dirección conocida por las partes. Por último, destacó que los señores Maribel Ramos Huecas y Jesús G. Álvarez Narváez no son partes indispensables en el pleito nuestra consideración.[6]

Inconforme aun, el 30 de septiembre de 2024, la parte peticionaria acudió ante *nos* mediante una *Petición de Certiorari* y alegó la comisión de los siguientes errores:

---

[3] Véase, SUMAC, entrada núm. 186.
[4] Véase, SUMAC, entrada núm. 199.
[5] Véase, SUMAC, entrada núm. 203.
[6] Véase, SUMAC, entrada núm. 230.

**PRIMER ERROR**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN Y MOCIÓN DE RECONSIDERACIÓN REITERANDO QUE SE DESESTIME LA DEMANDA POR FALTA DE JURISDICCIÓN SOBRE PARTES INDISPENSABLES DEBIDO A EMPLAZAMIENTOS DEFECTUOSOS, CONTRARIO A DERECHO.**

**SEGUNDO ERROR**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, AL DETERMINAR CONTRARIO A DERECHO QUE, LOS HEREDEROS TESTAMENTARIOS NO SON PARTES INDISPENSABLES EN EL PRESENTE CASO, EL CUAL SE TRATA DE UNA SENTENCIA DECLARATORI[A]; ACCIÓN REIVINDICATORIA; ACCIÓN CONFESORIA; DAÑOS Y PERJUICIOS.**

Ese mismo día, la parte peticionaria presentó una *Urgente Moción en Auxilio de Jurisdicción al Amparo de la Regla 79 del Tribunal de Apelaciones*. Examinado el recurso de *certiorari*, este Tribunal emitió una *Resolución* el 1 de octubre de 2024, mediante la cual declaramos *No Ha Lugar* la solicitud de auxilio de jurisdicción y concediéndole un término de diez (10) días a la parte recurrida para que expresara su posición al recurso.

En cumplimiento con lo ordenado, el 11 de octubre de 2024, la parte recurrida presentó su *Oposición a Recurso de Certiorari*. Con la comparecencia de ambas partes procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por

un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Banco Popular v. Gómez Alayón y otros,* 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank of PR v. ZAF Corp., et al.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,*

165 DPR 311 (2005); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio

de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Banco Popular v. Gómez Alayón y otros, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

La parte peticionaria solicita que este Tribunal intervenga para que revisemos la *Resolución y Orden* emitida el 14 de septiembre de 2023 y notificada el 16 del mismo mes y año, por el TPI. Luego de examinar meticulosamente el expediente del recurso ante nuestra consideración, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. Veamos.

Al examinar el trámite procesal del caso, específicamente, la *Moción para que se Desestime la Demanda por Falta de Parte Indispensable, la Oposición a Moción de Desestimación y la Resolución,* no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho al emitir el dictamen recurrido. *Trans-Oceanic Life Ins. V. Oracle Corp.*, 184 DPR 689 (2012).

En el caso ante nos, el TPI analizó los planteamientos de ambas partes con relación a la solicitud de falta de jurisdicción por insuficiencia en el emplazamiento. A raíz de ello, el TPI ejerció su discreción al declarar *No Ha Lugar* la solicitud de la parte peticionaria. Con tal proceder, el foro de instancia actuó dentro de su discreción y conforme a derecho, pues el Tribunal tiene amplia facultad para disponer de los procedimientos ante su consideración

de forma que se pueda asegurar la más eficiente administración de la justicia. *Vives Vázquez v. E.L.A.,* 142 DPR 117 (1996).

En fin, evaluados los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra,* y los de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, *denegamos* el auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones